UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JASON LEON GRIFFIN**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 21-2259**

**DANIEL FLEISCHMAN**                                     **SECTION "B"(1)**

## ORDER AND REASONS

Before the Court are Jason Leon Griffin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Rec. Doc. 3), Daniel Fleischman's answer to petition (Rec. Doc. 9), petitioner's reply in support of his petition and an objection (Rec. Docs. 10 and 11). After careful consideration,

**IT IS ORDERED** that Jason Leon Griffin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Rec. Doc. 3) is dismissed. The petition challenges the constitutionality of a parole detainee based of petitioner's arrest on new law violations while on parole and failing to maintain contact with his parole officer.[1]

**FACTS AND PROCEDURAL HISTORY**

On October 17, 2017, petitioner Jason Leon Griffin was

---

[1] Subsequent to one of the new arrests, and after the instant petition was filed, Griffin was reportedly convicted after jury trial and eventually sentenced on September 22, 2022 to a 40 year imprisonment term for possession with intent to distribute heroin and a concurrent 20 year sentence for possession with intent to distribute methamphetamine. See https://www.an17.com/crime/courts/slidell-man-sentenced-to-40-years-for-possession-with-intent-to-distribute-heroin-meth/article_7cb8f4b0-41bd-11ed-86db-4bfc8552f4cd.html

1

sentenced to ten years of hard labor for introducing contraband into a penal facility in violation of Louisiana Revised Statute section 14:402. Rec. Doc. 9 at 1, 4; Rec. Doc. 9-1 at 36. On May 17, 2020, petitioner was released from the Louisiana Department of Public Safety and Corrections and ordered to "remain within the limits of Covington District Probation and Parole Office until May 13, 2027. Rec. Doc 9-1 at 20. The petitioner was then arrested for possession with intent to distribute heroin and possession with intent to distribute methamphetamine on September 9, 2020. Rec. Doc. 9 at 4; Rec. Doc. 9-1 at 17. Petitioner was allowed to post bail for this offense, which he did on November 10, 2020. Rec. Doc. 9 at 4. While the district attorney was in process of prosecuting petitioner's charges, petitioner ceased contacting his parole officer on or about March 4, 2021. Rec. Doc. 9-1 at 17.

On August 10, 2021, petitioner was arrested for criminal conspiracy. *Id.* at 11. Two days later, the Louisiana Committee on Parole, issued a warrant ordering that petitioner "should be retaken and reimprisoned within the Department of Public Safety and Corrections." *Id.* at 16. Petitioner was not served until October 18, 2021 with "Notice of Preliminary Hearing" paperwork. *See id.* at 11-12. An activity report dated August 26, 2021, states that petitioner "has not been able to be served with Notice of Preliminary Hearing paperwork due to COVID restrictions at the

2

St. Tammany Parish Jail." *Id.* at 2. It notes that petitioner would be served "as soon as the COVID restrictions have been lifted." *Id.*

This Notice of Preliminary Hearing explained that "an alleged violator shall be afforded a preliminary hearing conducted by an independent hearing officer, to determine if there is probable cause to believe there has been a violation of the conditions of his parole." *Id.* at 10. Moreover, the alleged violator is entitled to "written notice as to the time and place of the preliminary hearing and the specific violation(s) he/she is alleged to have committed." *Id.* After the preliminary hearing, the hearing officer then determines "if there is probable cause to hold the offender for the final decision of the Parole Board on a revocation." *Id.* Any alleged violator "has a right to a revocation hearing before the Parole Board on his written request," if held more than sixty days. *Id.*

The parole officer allegedly explained these rights to petitioner, but petitioner elected to defer the preliminary hearing. *Id.* at 11. Petitioner initialed and dated a provision stating, "I hereby defer my preliminary hearing and agree to remain in custody (jail) until the felony charge(s) pending against me are disposed of. I further agree to postpone my final parole revocation hearing before the Parole Board until the felony charge(s) pending against me are disposed of." *Id.* On November 5,

3

2021, the Louisiana Board of Pardons and Parole sent petitioner a letter stating that the Parole Board would "not order your return for a revocation hearing until the disposition of your pending charges." *Id.* at 6. It continued that if petitioner desired "to be returned for a revocation hearing at any time, [petitioner is] instructed to write to the Parole Board at the above address."[2] *Id.* Upon receiving this request, the Parole Board stated that an officer would contact petitioner "regarding waiving or conducting the preliminary hearing deferred at your request." *Id.* Neither party provided any evidence that petitioner requested a preliminary hearing or to be returned for a revocation hearing. *See* Rec. Docs. 3, 9-1, 10. Currently, petitioner is in custody at St. Tammany Parish Jail. Rec. Doc. 9 at 6.

On December 3, 2021, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his parole detainer violated the Constitution. Rec. Doc. 3. The District Attorney's Office for the 22nd Judicial District for the Parish of St. Tammany answered the petition on February 25, 2022. Rec. Doc. 9. Petitioner then filed a reply on March 18, 2022. Rec. Doc. 10.[3]

---

[2] Notably, the letter provided in the record does not seem to include an address. *See* Rec. Doc. 9-1 at 6.

[3] On February 17, 2022 and April 18, 2022, petitioner submitted two responses, respectively, requesting that the Court "deny respondent's motion for extension of time" to answer. *See* Rec. Docs. 8, 11. However, these responses were filed after the Court granted respondent's motion. *See* Rec. Docs. 8, 11. Accordingly, the Court finds petitioner's response to respondent's motion for extension of

I.  **LAW AND ANALYSIS**

A. **§ 2241 Standard**

28 U.S.C. § 2241 applies where a defendant challenges "the manner in which a sentence is being executed." *Foster v. NFN Warden, Fed. Det. Ctr., Seagoville*, 31 F.4th 351, 353 n.1 (5th Cir. 2022). It is not the appropriate vehicle for challenging the legality of the petitioner's conviction or the validity of the petitioner's sentence. *United States v. Avila*, 721 F. App'x 406, 406 (5th Cir. 2018) (citing *Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003)).

Nevertheless, a petitioner seeking relief under § 2241 "must first pursue all available administrative remedies." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). Additionally, "[i]f the petitioner did not fairly present the substance of his claims to the state courts, the petition must be dismissed so that the state courts may have a fair opportunity to determine the claims." *Avila v. Reynolds*, No. A-22-CV-00046-RP, 2022 WL 299685, at *3 (W.D. Tex. Feb. 1, 2022) (quoting *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988)) (cleaned up). This doctrine compels a habeas petitioner to "fairly appraise the

---

time to answer moot. Even so, the Court's decision to grant respondent a short extension of time to answer did not seem to have prejudiced petitioner. *See* Rec. Doc. 9 (filing an answer to the instant petition only two weeks after the initial deadline); Rec. Docs. 8, 11 (presenting no evidence of prejudice).

highest court of his state of the federal rights which were allegedly violated and to do so in a procedurally correct manner." *Vallejo v. Whittington*, No. 5:22-CV-00149, 2022 WL 1819046, at *2 (W.D. La. Mar. 14, 2022) (quoting *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)) (internal quotation marks omitted).

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 2012)). These exceptions, however, only apply in "extraordinary circumstances." *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). "The burden of proof for demonstrating the futility of administrative review rests with the petitioner." *Id.*

### B. Petitioner Failed to Exhaust Administrative and State Court Remedies

Here, there is no record showing that 6petitioner has exhausted administrative or state court remedies before seeking relief under § 2241. *See generally* Rec. Docs. 3, 10. Petitioner claims that he was detained as a pretrial detainee, not yet found guilty of any alleged crimes, and that he is prohibited from release on bond due to a parole detainer. Rec. Doc. 3 at 7. Indeed, it appears petitioner is being held pursuant to a parole detainer,

but this detention does not warrant habeas relief at this time. *See* Rec. Doc. 9-1 at 6, 11.

When a parolee is charged with violating parole, the parolee is entitled to a preliminary hearing. La. Admin. Code tit. 22, Pt XI, § 1105. "The purpose of the preliminary hearing is to determine if there is probable cause that the parolee has violated the conditions of his parole." *Id.* This hearing must "be conducted within a reasonable time following detention." *Id.* Moreover, prior to the hearing, "written notification will be furnished to the parolee advising him of," inter alia, "his rights at the hearing." *Id.* The parolee may also "request deferral of the preliminary hearing pending disposition of new felony charges." *Id.*

Although it appears that petitioner was served a notice of preliminary hearing over two months after he was arrested, when he was served with this notice on October 18, 2021, petitioner very clearly selected the option to "defer preliminary hearing." Rec. Doc. 9-1 at 11. Within this selection it states: "I hereby defer my preliminary hearing and agree to remain in custody (jail) until the felony charge(s) pending against me are disposed of. I further agree to postpone my final parole revocation hearing before the Parole Board until the felony charge(s) against me are disposed of." *Id.* Petitioner initialed and dated this choice, as well as signed at the end of the form. *Id.* at 11-12. Petitioner never

7

disputes the validity of this deferral. *See generally* Rec. Docs. 3, 10.[4]

After deferring his preliminary hearing, the Board of Pardons and Parole, sent petitioner a letter on November 5, 2021 detailing the process for requesting a revocation hearing. *See id.* at 6. The letter states "the Parole Board will not order your return for a revocation hearing until the disposition of your pending charges." *Id.* It continues, "[i]f you desire to be returned for a revocation hearing at any time, you are instructed to write to the Parole Board at the above address. Upon receipt of your request, the Parole Officer will contact you regarding waiving or conducting

---

[4] In petitioner's reply, he seems to argue that he was not given notice of a preliminary interview/hearing within thirty days of arrest as allegedly required, and that this delay presents a due process violation. *See* Rec. Doc. 10 at 2-6. In support of this assertion, petitioner cites three out-of-circuit cases. *See id.* The Court is not required to reach this issue because it finds that petitioner has not exhausted his administrative or state remedies. *See, e.g., Johnson v. Cain*, No. 15-310, 2015 WL 10438640, at *6 (E.D. La. June 4, 2015). Regardless, the cases petitioner cites are inapposite. *Meador v. Knowles* does acknowledge that a parole board's commits a due process violation when a "delay in holding a revocation hearing is both unreasonable and prejudicial." 990 F.2d 503, 506 (9th Cir. 1993). Nevertheless, it does not state that any failure to serve the parolee with a notice of preliminary hearing after thirty days is a due process violation. *See id. Covington v. State* relies on an Alaska state statute requiring that the parole board "hold a final revocation hearing no later than 120 days after a parolee's arrest." 938 P.2d 1085, 1088 (Alaska 1997). However, this statute is not applicable here and petitioner does not present any comparable Louisiana statute or regulation. *See id.; see also* Rec. Doc. 10. Finally, *Ellis v. District of Columbia* states that "final revocation hearings must be held within 30 days of execution of parole violator warrants." 84 F.3d 1413, 1424 (D.C. Cir. 1996). But like with *Covington*, the applicable statute in *Ellis* is a District of Columbia Code, not a Louisiana regulation, which means the thirty-day restriction does not apply here. *See id.* In this case, Louisiana law only seems to require a preliminary hearing "be conducted within a reasonable time following detention." La. Admin. Code tit. 22, Pt XI, § 1105. However, whether serving petitioner with a notice of preliminary hearing over two months after arrest was reasonable is a question to be answered if petitioner exhausts administrative and state court remedies. *See Gallegos-Hernandez*, 688 F.3d at 194.

8

the preliminary hearing deferred at your request." *Id.* Curiously, the letter provided to the Court does not include an address in which petitioner could have sent a letter. *See id.* However, petitioner never asserts that he lacked the appropriate address for requesting a revocation hearing. *See generally* Rec. Docs. 3, 10. Additionally, there is no reliable record that petitioner ever requested a revocation hearing to the Board of Pardons and Parole or to a Parole officer. *See generally* Rec. Doc. 9-1. Accordingly, petitioner has not exhausted administrative remedies for attaining a revocation hearing and reviewing the status of his custody with the Louisiana Department of Public Safety and Corrections. *See* Rec. Docs. 3, 10.

Moreover, petitioner has also failed to exhaust state court remedies. *See Vallejo*, 2022 WL 1819046, at *2. Under Louisiana law, a parolee may seek judicial review "for the denial of a revocation hearing under R.S. 15:574.9." La. Stat. Ann. § 15:574.11 (2022) ("No prisoner or parolee shall have a right of appeal from a decision of the committee [on parole] . . . except for the denial of a revocation hearing under R.S. 15:574.9."). Petitioner claims he is being held in violation of the Fourteenth and Eighth Amendments. Rec. Doc. 3 at 7-8. Yet, the record does not reflect that petitioner requested a revocation after electing to defer his preliminary hearing or that a revocation hearing was ever denied. *See generally* Rec. Docs. 3, 9-1, 10. The record also

does not demonstrate that petitioner sought judicial review in Louisiana state court. *See generally* Rec. Docs. 3, 9-1, 10. Nor does petitioner provide any reason for failing to properly exhaust state court remedies before filing his § 2241 habeas petition. *See generally* Rec. Docs. 3, 9-1, 10. As petitioner did not request a revocation hearing with the Parole Board, provide evidence that the Parole Board denied this request, or provide evidence that he sought review within the Louisiana Court system, petitioner's request for § 2241 habeas relief is inappropriate at this time. *See, e.g., Johnson v. Cain*, No. 15-310, 2015 WL 10438640, at *6 (E.D. La. June 4, 2015) (dismissing petitioner's writ of habeas corpus under § 2241 for failure to exhaust state court and administrative remedies); *Overbey v. Miss. Dep't of Corr.*, No. 4:16-CV-225-DMB-RP, 2017 WL 4274860, at *3 (N.D. Miss. Sept. 26, 2017) (same); *Vallejo*, 2022 WL 1819046, at *2 (same).

New Orleans, Louisiana, this __5th__ day of May, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE

10